IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.: 7:12-CV-314-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| McDANIEL PERSONAL PROPERTY ) | |
| Specifically described as: A 2004 Cadillac ) | |
| Escalade, VIN: 1GYEK63NX4R103870, ) | ORDER |
| and any and all attachments thereon; and ) | |
| any and all proceeds from the sale of said ) | |
| property, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ERIC ELDON McDANIEL, ) | |
| ) | |
| Claimant. ) | |

This matter comes before the court upon its review of the plaintiff's motion for judgment on the pleadings (DE 17). Claimant has responded in opposition and plaintiff has responded. In this posture, issues raised are ripe for ruling. For reasons given, plaintiff's motion will be GRANTED.

**STATEMENT OF UNDISPUTED FACTS**

For purposes of resolving the instant motion, the following facts are undisputed. On April 17, 2011, law enforcement received emergency communications reporting gunshots fired in an altercation between two individuals in a black Cadillac, one of whom was identified as claimant. Responding officers with the Fairmont Police Department located claimant operating in Fairmont, North Carolina the defendant vehicle, and initiated a stop to inquire about the altercation. While speaking with claimant, officers standing at the door of the vehicle detected a strong odor of

marijuana coming from inside the vehicle and conducted a search thereof, revealing digital scales and six ounces of marijuana.

Claimant is the registered owner of the vehicle. Although he was not employed at the time of the search, he had previously worked for Progress Energy, and used money from his employment there to purchase the defendant vehicle. Claimant is not a drug dealer and has never sold drugs for profit.

## COURT'S DISCUSSION

A.  Standard of Review

When a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the non-moving party's pleading are taken as true, whereas the allegations in the movant's pleading are taken as true only to the extent that they have not been denied or do not conflict with those in the non-movant's pleading. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C.1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir.1997). "[T]he applicable test under Rule 12(c) is whether, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." Blue Rhino Global Sourcing, Inc. v. Well Traveled Imports, Inc., 888 F. Supp. 2d 718, 721 (M.D.N.C. 2012) (quotations omitted).

B.  Analysis

Property subject to forfeiture to the United States includes "all . . . vehicles . . . which are used or are intended for use, to transport" illegal controlled substances. 21 U.S.C. § 881(a)(4).

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981, et seq., the government must also "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3); see also United States v. 1966 Beechcraft Aircraft, 777 F.2d 947, 953 (4th Cir.1985) (finding that the use of a "vehicle or vessel to transport conspirators to the scene of a drug sale" is sufficient to show a substantial connection between that property and the underlying criminal activity)

In this case, it is undisputed that the defendant vehicle was used to transport an illegal controlled substance, namely, marijuana. Officers with the Fairmont Police Department located claimant operating the vehicle, and, after stopping claimant, located marijuana inside the vehicle. Looking to the plain language of 21 U.S.C. § 881(a)(4) it is clear that the vehicle was a "vehicle[] . . . used . . . to transport" an illegal controlled substance.

There is also a substantial connection between the vehicle and the offense. "The hurdle posed by the 'substantial connection' requirement is not . . . a particularly high one." United States v. Borromeo, 995 F.2d 23, 26 opinion supplemented on reh'g, 1 F.3d 219 (4th Cir. 1993) To have such a connection, "the property must have more than an incidental or fortuitous connection to criminal activity," but need not be "integral, essential or indispensable." United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990).[1] Here, especially in light of the presence of digital scales also found in the vehicle, the pleadings show that the presence of the marijuana in the vehicle was not

---

[1] Although the requirement for a "substantial connection" between property to be forfeited and the offense was codified by CAFRA in 2000, this circuit already previously required such a connection. See, e.g., 1966 Beechcraft Aircraft, 777 F.2d at 953; United States v. Washington, 948 F.2d 1283 (4th Cir. 1991). Courts in this circuit have continued to look to these pre-CAFRA cases to determine whether there is a substantial connection between the property at issue and the offense. See, e.g., United States v. $119,030.00 in U.S. Currency, --- F. Supp. 2d ----, 2013 WL 3336624, at *13 (W.D. Va. 2013); United States v. 475 Cottage Drive, 433 F. Supp. 2d 647, 654-55 (M.D.N.C. 2006); United States v. $890,718 in U.S. Currency, 433 F. Supp. 2d 635, 645 (M.D.N.C. 2006).

3

"incidental or fortuitous." Based upon the foregoing, the vehicle is subject to forfeiture. See United States v. Sims' Personal Property, No. 7:12-CV-332-FL, 2013 WL 4460320, at *1, *3 (E.D.N.C. Aug. 20, 2013) (granting the government's motion for summary judgment where twenty (20) ten (10) mg. Percocet pills and two sandwich bags of marijuana were found inside the defendant vehicle); United States v. One 1985 Mercedes Benz Auto., 716 F. Supp. 211, 213 (E.D.N.C. 1989) (granting the government's motion for partial summary judgment with respect to a defendant where "marijuana was possessed in the defendant vehicle at the time of its seizure"); United States v. One 1982 Toyota Tercel, No 85-81-CIV-3 (E.D.N.C. Oct. 11, 1985) (denying motion to dismiss a complaint seeking forfeiture of the defendant vehicle where butts of marijuana cigarettes were found therein).

Claimant nevertheless contends that the defendant vehicle is not subject to forfeiture because he did not sell marijuana, the vehicle was not bought with money from the sale of marijuana, and it was not to be used for the sale of marijuana. It is true that "all proceeds traceable to" the sale of illegal drugs are subject to forfeiture under 21 U.S.C. § 881(a)(6). Plaintiff, however, has not sought forfeiture of the vehicle under this section, but under § 881(a)(4). As outlined above, the vehicle is subject to forfeiture under § 881(a)(4). Accordingly, the court grants plaintiff's motion for judgment on the pleadings.

## CONCLUSION

For the reasons given above, the court GRANTS plaintiff's motion for judgment on the pleadings. The clerk is DIRECTED to close this case.

4

SO ORDERED, this the 29th day of January, 2014.

                                                    `/s/ Louise W. Flanagan`
                                                   LOUISE W. FLANAGAN
                                                   United States District Judge